[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 15, 2010
JOHN LEY
CLERK

No. 09-16149
Non-Argument Calendar

_____

D. C. Docket No. 08-00136-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BONNIE FAYE WEBB,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 15, 2010)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Bonnie Faye Webb appeals the nine-month sentence she received after

pleading guilty to one count of conspiracy to commit health-care fraud in violation

of 18 U.S.C. §§ 1343, 1347, and 1349, and five counts related to the illegal dispensing of prescription drugs in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 841(b)(1)(D), 841(b)(2), and 846, and 18 U.S.C. § 2. The sentence imposed was at the mid-point of the applicable guideline range of 6 to 12 months. On appeal, Webb challenges on two grounds the district court's calculation of the loss amount used to determine her total offense level under U.S.S.G. § 2B1.1. First, she argues that the district court erred by calculating intended loss with reference to the total amount fraudulently billed to benefits programs. Second, she argues that the district court erred by failing to reduce the loss amount by the value of the services rendered to patients. Upon review of the record, and consideration of the parties' briefs, we affirm the district court's sentence.

We review "the determination of the amount of loss involved in the offense for clear error." *United States v. Maxwell*, 579 F.3d 1282, 1305 (11th Cir. 2009). Section 2B1.1 provides a base offense level of seven for health care fraud and includes an enhancement based on the dollar value of the loss. If the loss was more than $10,000 but less than $30,000, the base offense level increases by four levels; if the loss was more than $30,000, the base offense level increases by six levels. U.S.S.G. §§ 2B1.1(b)(1)(C), (D), and (E). Under the guidelines, the amount of loss "is the greater of actual loss *or intended* loss." U.S.S.G. § 2B1.1,

cmt. n.3(A) (2008) (emphasis added). Actual loss is "the reasonably foreseeable pecuniary harm that resulted from the offense." *Id.*, cmt. n.3(A)(i). Intended loss is "the pecuniary harm that was intended to result from the offense," and it "includes pecuniary harm that would have been impossible or unlikely to occur (*e.g.*, as in a government sting operation, or an insurance fraud in which the claim exceeded the insured value)." *Id.*, cmt. n.3(A)(ii).

We will uphold on appeal a district court's reasonable estimate of the intended loss, unless the court "speculate[d] concerning the existence of a fact which would permit a more severe sentence under the guidelines." *United States v. Grant*, 431 F.3d 760, 762 (11th Cir. 2005) (quotation omitted). Where a district court has stated that it would have applied the same sentence even if the guidelines issue had been decided in the defendant's favor, we affirm the sentence despite any sentencing error unless the sentence is unreasonable. *United States v. Keene*, 470 F.3d 1347, 1348-50 (11th Cir. 2006). When we review a final sentence for reasonableness under *United States v. Booker*, 543 U.S. 220, 264, 125 S.Ct. 738, 767 (2005), the defendant will bear the burden of proving that the sentence imposed is unreasonable in light of the record and 18 U.S.C. § 3553(a). *Keene*, 470 F.3d at 1350. Pursuant to § 3553(a), a sentence should be "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of

3

this subsection," namely, to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care. *See* 18 U.S.C. § 3553(a)(2). The sentencing court must also consider the following factors in determining a particular sentence: the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted disparities, and the need to provide restitution to victims. *See* § 3553(a)(1), (3)-(7).

The district court estimated intended loss based on the amount billed to patients' benefits programs. Webb argues that her clinic did not intend or expect to collect more than what the health benefits programs actually paid following submission of fraudulent claims. Therefore, she claims that the court erroneously speculated when it used the full billed amount to calculate intended loss, resulting in a higher sentencing range.

We have previously held that a district court did not clearly err when it calculated the amount of loss based on the amount a doctor billed to Medicare instead of the amount paid to the doctor by Medicare, upon concluding that the

4

doctor intended to receive the full amount billed. *United States v. Hoffman-Vaile*, 568 F.3d 1335, 1343 (11th Cir. 2009). Here, in contrast, Webb presented evidence (1) that the clinic did not intend or expect to collect more than the actual amount paid by benefits programs, and (2) that the clinic never attempted to collect from patients the difference between the billed amount and the paid amount. The district court discounted that evidence by expressing doubt that the clinic would have turned down full reimbursement if it had been forthcoming. Given the evidence presented by Webb, the district court's use of the billed amount to calculate loss might constitute erroneous speculation.

Nevertheless, even if we assume, *arguendo*, that the court erred by concluding that the intended amount of loss was the total amount billed by the clinic, any such error was harmless. The court indicated that Webb's sentence would have been the same regardless of its loss amount rulings. *See Keene*, 470 F.3d at 1348-50. Moreover, Webb's 9-month sentence was not unreasonable. *See id.* Webb's 9-month sentence only slightly exceeded a guideline range of two to eight months, which would have been applied if the district court had assigned a total offense level of six and a criminal history category of III. *See id.* at 1350 (analyzing whether the sentence was reasonable "assuming exactly the same conduct and other factors in the case," but applying the new guideline range).

5

Additionally, Webb was a willing participant in her physician husband's scheme to defraud health care programs and unlawfully dispense prescription drugs, which harmed not only the programs but also the persons who arguably should not have been prescribed medicine. Accordingly, the district court reasonably concluded that a nine-month sentence was warranted in order to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to deter others from committing similar crimes. 18 U.S.C. § 3553(a)(1), (a)(2)(A) and (B).

Webb also challenges the loss calculation on the ground that the district court misapplied the guidelines by failing to reduce the loss amount by the value of the services rendered to patients. The commentary to § 2B1.1 provides that the loss amount shall be reduced by the fair market value of the services rendered by the defendant, or other person acting jointly with the defendant, to the victim before the offense was detected. U.S.S.G. § 2B1.1, cmt. n.3(E)(i).

Arguably, because Dr. Webb was ineligible to receive any program funds, the benefits programs involved in this case would not have paid claims under Dr. Webb's identification number if they had known that his medical license had been suspended and that Dr. Cooper had actually rendered the services. Thus, regardless of whether Dr. Copper provided some services to patients, the claims paid by the benefits programs were attributable loss because a suspended physician

6

fraudulently claimed he performed those services. *Cf. United States v. Medina*, 485 F.3d 1291, 1304-05 (11th Cir. 2007) (concluding that Medicare claims were fraudulent, and therefore constituted attributable loss, because the patients or doctors received kickbacks). Thus, we cannot say that the district court erred by declining to reduce the loss amount by the value of the services which were rendered by Dr. Cooper.

Even if the district court had erred in this respect, however, such error would be harmless because the district court indicated that it would have imposed the same sentence regardless of its loss amount decisions. *Keene*, 470 F.3d at 1348-50. If the district court had determined a loss amount of zero, Webb's revised guideline range would be zero to six months' imprisonment. While her nine-month sentence would have been fifty percent higher than the upper end of the range, Webb's sentence was otherwise reasonable, for the reasons discussed above. *See Id.* at 1350. Accordingly, we affirm.

**AFFIRMED.**